

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2006

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2686

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Singh v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1262.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1262

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-2686

———


KULVIR SINGH,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent


———


Petition for Review of an Order
of the Board of Immigration Appeals
(INS No. A75-309-613)
Immigration Judge: Honorable Henry S. Dogin

———

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2006


Before:  SLOVITER, AMBRO and MICHEL[*], Circuit Judges

(Filed: April 17, 2006)

———


OPINION

———

[*]Hon. Paul R. Michel, Chief Judge of the United States Court of Appeals for the
Federal Circuit, sitting by designation.

SLOVITER, Circuit Judge.

Petitioner Kulvir Singh appeals the denial by the Board of Immigration Appeals ("BIA") of his third motion to reopen proceedings. The BIA denied the motion as numerically barred and found that Singh had failed to establish "changed circumstances" in his home country affecting his eligibility for asylum.

Singh filed the motion that is the subject of this appeal on March 17, 2005, and the BIA denied it on April 27, 2005. He filed a timely petition for review on May 25, 2005. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We conclude that the BIA did not abuse its discretion in denying Singh's motion to reopen as numerically barred. Accordingly, we deny the petition for review.

I.

We present only the facts essential to this appeal because we write primarily for the parties. Kulvir Singh is a twenty-nine-year-old native of the Punjab region of India. He entered the United States from Canada in April of 1996. Singh was served with a Notice to Appear on July 14, 1999, charging him with removability for illegal entry. See 8 U.S.C. § 1182(a)(6)(A)(i). He conceded removability and filed an application for asylum, 8 U.S.C. § 1158, withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under Article 3 of the Convention Against Torture ("CAT"), see 8 C.F.R. § 1208.16(c). After a hearing, an immigration judge ("IJ") denied all of Singh's claims for relief on April 13, 2000.

Singh's asylum claim was based on his alleged membership in the All India Sikh

2

Student Federation ("AISSF"), an organization that espouses a separate state for Sikhs, who are a religious minority in India. Singh was reportedly arrested and jailed for twenty days after making a speech at a rally in 1995. He testified at his asylum hearing that he was beaten and tortured by Indian police while in jail, and that police continued to harrass his family and threaten him after his release. As a result, he sought shelter at the home of a relative in another city, and eventually left India for the United States, where he believed he would be safe.

Citing Singh's failure to provide any documentary evidence of his arrest or membership in AISSF, and only questionable documentary evidence regarding the remainder of his story, the IJ found that Singh had fabricated most of his claims. He denied Singh's petition for asylum, withholding of removal, and relief under the CAT on April 13, 2000.

The BIA affirmed the denial of relief on March 26, 2003, and Singh filed a motion to reopen on May 20, 2003, alleging changed country conditions and that an I-130 visa application (Immediate Relative Petition) had been filed on his behalf due to his marriage to an American citizen. The BIA denied Singh's motion to reopen on July 30, 2003, finding insufficient evidence to warrant reopening. Singh filed a second motion to reopen on April 16, 2004, which the BIA denied on May 17, 2004, as numerically barred under 8 C.F.R. § 1003.2(c)(2).

Singh filed the present motion to reopen on March 17, 2005. In this motion, he reiterated his earlier claims that he would be persecuted if he were returned to India. He

submitted two affidavits in support of his motion, one from his father, and one from a neighbor. Both affidavits stated that the police were looking for Singh, and that he would be a target of harassment and arrest on the basis of his political beliefs if he returned to India. Singh also noted that he had married an American citizen who had given birth to their child, and that he was therefore "eligible to adjust status in the United States." App. at 7. He attached a copy of the receipt for the I-130 visa petition his wife had filed on his behalf and a copy of his child's birth certificate.

The BIA denied this motion on April 27, 2005, in a per curiam order. The BIA noted that aliens are limited to one motion to reopen and found that Singh did not qualify for any exception to this rule because he had failed to establish changed conditions in India that would merit reopening.

II.

The only issue presented by this petition is whether the BIA abused its discretion in denying Singh's third motion to reopen. We review a decision of the BIA to deny a motion to reopen proceedings for abuse of discretion. Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir. 2005). Such a decision is not overturned unless arbitrary, irrational, or contrary to law. Caushi v. Attorney General, 436 F.3d 220, 226 (3d Cir. 2006).

An alien may file a motion to reopen proceedings within 90 days of entry of a final decision of the BIA. See 8 C.F.R. § 1003.2(c)(2). If the alien wishes to file a second or late motion to reopen, he may do so based on "changed circumstances arising . . . in the country to which deportation has been ordered, if such evidence is material and was not

4

available and could not have been discovered or presented at the previous hearing." §

1003.2(c)(3)(ii). The BIA concluded that Singh had failed to demonstrate "changed

circumstances" in India affecting his eligibility for asylum. Accordingly, it denied his

motion as numerically barred under 8 C.F.R. § 1003.2(c)(2).

Singh argues that the BIA abused its discretion in denying his motion to reopen

because the BIA failed to discuss any of the evidence he presented in support of his

motion. He argues that he is entitled to remand because these deficiencies make it

impossible for this Court to conduct a meaningful review and because he has established

a prima facie case for asylum.

This Court may vacate and remand a decision of the BIA when deficiencies in the

decision make it impossible to conduct a meaningful review. See Kayembe v. Ashcroft,

334 F.3d 231, 238 (3d Cir. 2003). Singh supported his third motion to reopen with

affidavits from his father and a neighbor. The substance of these affidavits does not differ

materially from what Singh presented at his original asylum hearing, during which he

presented affidavits from his father, a sarpanch (village elder), and a friend. There is no

indication that any of the information presented in these affidavits was unavailable at the

time of the asylum hearing. Accordingly, the summary treatment the BIA gave to this

evidence does not constitute an abuse of discretion. The BIA has not ignored material

evidence favorable to Singh's claim of changed conditions because Singh has simply

failed to present any evidence of changed conditions. Cf. Tipu v. INS, 20 F.3d 580,

583–84 (3d Cir. 1994) (vacating BIA's denial of § 212(c) waiver for failure to give

adequate consideration to important favorable evidence).

Similarly, evidence of Singh's marriage to an American citizen and the birth of his child, which was already presented to the BIA in Singh's first motion to reopen, was not relevant to the merits of his third motion to reopen. Because Singh's motion was numerically barred, he did not meet the requirements for a motion to reopen to allow pursuit of adjustment of status. See In re Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002) (BIA has discretion to grant a motion to reopen to provide an alien an opportunity to pursue an application for adjustment if, among other factors, the motion is not numerically barred); Bhiski v. Ashcroft, 373 F.3d 363, 371–72 (3d Cir. 2004) (applying Velarde-Pacheco to uphold BIA's denial of alien's motion to remand and stay removal for adjustment of status due to marriage). Accordingly, the BIA did not abuse its discretion by failing to specifically note this evidence.

Singh devotes considerable space in his brief to reviewing the strength of his asylum claim. Petitioner's Br. at 16–26. But this evidence is not relevant to the determination of whether circumstances in India have changed. Because Singh has presented no evidence of changed conditions in India that was unavailable to him at the time of his asylum hearing, the BIA did not abuse its discretion in declining to reopen proceedings. See 8 C.F.R. § 1003.2(a).

III.

For the foregoing reasons, the petition for review is denied.

_____

6